UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALVAREZ, | No.: 2:13-cv-01798-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| C & S WHOLESALE GROCERS, INC., TRACY LOGISTICS, LLC., and DOES ONE through ONE HUNDRED, | |
| Defendants. | |

This matter is before the court on plaintiff Jesus Alvarez's request to seal documents.  (Pl. Notice of Req. Seal, ECF 7.)  As explained below, the court DENIES plaintiff's request.

I.   RELEVANT BACKGROUND

On July 19, 2013, plaintiff filed his complaint in San Joaquin County Superior Court against defendants C&S Wholesale Grocers, Inc. and Tracy Logistics, LLC (Defs.' Req. Judicial Notice, Ex. A, ECF 1-2 ("Compl.").)  Plaintiff alleges nine causes of action: (1) violation of California Labor Code ("Labor Code") sections 510 and 1198 (unpaid overtime); (2) violation of Labor Code sections 226.7 and 512(a) (unpaid meal period premiums); (3) violation of Labor Code section 226.7 (unpaid rest period premiums); (4) violation of Labor Code sections 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of Labor Code section 204 (wages not

1  timely paid during employment); (6) violation of Labor Code section 226(a) (non-compliant wage
2  statements); (7) violation of Labor Code section 1174(d) (failure to keep requisite payroll
3  records); (8) violation of Labor Code sections 2800 and 2802 (unreimbursed business expenses);
4  and (9) violation of California Business and Professions Code section 17200, et seq.  (Compl.
5  ¶¶ 42-106.)
6     On August 29, 2013, defendants removed this case to this court under 28 U.S.C.
7  § 1332(a) on the basis of diversity jurisdiction.  (Defs.' Notice of Removal, ECF 1.)  Defendants
8  argue the amount in controversy in this case exceeds $75,000.  (ECF 1 ¶ 13.)  To support their
9  assertion, they look to the terms of the settlement agreement resulting from the putative class
10 action titled *David Tompkins v. C & S Wholesale Grocers, Inc.*, Case No. 34-2011-00096371-
11 CU-OE-GDS ("Tompkins case"), previously filed against the same defendants.  (*Id.* ¶ 11.)  In
12 that case, Tompkins settled his claims for $75,001 ("Tompkins Settlement Agreement").  (*Id.*
13 ¶ 12; ECF 1-2, Ex. E.)  Therefore, defendants argue because plaintiff worked for a longer period
14 of time than Tompkins, yet Tompkins settled for $75,001, plaintiff's claim clearly exceeds that
15 amount.  (ECF 1 ¶¶ 42-43.)
16    On October 1, 2013, plaintiff filed a motion to remand to the San Joaquin County
17 Superior Court with the supporting  declaration of attorney Jonathan M. Lebe ("Lebe
18 Declaration").  (Pl.'s Mot. Remand, ECF 6; Lebe Decl., ECF 6-1.)  Plaintiff simultaneously filed
19 the present request to seal both the motion to remand and the Lebe Declaration "because they
20 contain purportedly confidential information" as "both of these documents contain the terms of
21 the [Tompkins] Settlement Agreement."  (Pl.'s Req. Seal at 2.)  At the same time, however,
22 plaintiff states that "[t]he [Tompkins] Settlement Agreement does not contain a confidentiality
23 clause" but "is described as a 'Confidential Settlement Agreement and Release.'"  (*Id.* at 1, n.1.)
24    Plaintiff brings the terms of the Tompkins Settlement Agreement to this court's
25 attention in his motion to remand to show that his claims in the instant lawsuit are less than the
26 claims released by Tompkins, and thus plaintiff's claims do not satisfy the amount in controversy
27 requirement.  (*Id.* at 2.)  However, plaintiff further reasons that because the terms of the
28 /////

Tompkins Settlement Agreement are purportedly confidential, the documents containing terms of the agreement should be sealed.  (*Id.*)

II.     STANDARD

Local Rule 141(a) provides that "[d]ocuments may be sealed only upon written order of the Court."  It is an established principle that there is a strong presumption in favor of public access to court records.  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions.  *Id.* at 1180.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy."  *Id.*  That is, the party requesting to seal "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process."  *Id.* at 1178-79 (internal citation and quotation marks omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause."  *Id.* at 1180.  This is because the public's interest in non-dispositive materials is weaker than its interest in dispositive materials.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result . . ." if the request to seal is denied.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

/////

3

1  F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d
2  Cir. 1986)).

3  III.    ANALYSIS

4  Here, plaintiff asks the court to seal the following documents: (1) plaintiff Jesus Alvarez's notice of motion and motion to remand, and memorandum of Points and Authorities in support thereof; and (2) Lebe Declaration.  (ECF 7.)

7  The court need not address the question whether or not a motion to remand is a dispositive motion because the court finds plaintiff cannot meet the "good cause" requirement, which is a lower standard than the "compelling reasons" standard for dispositive motions.  *See Lerma v. URS Fed. Support Servs.*, No. 11-00536,  2011 WL 2493764, at *2 (E.D. Cal. June 22, 2011) (noting the Ninth Circuit has not addressed the question and noting a split between the circuits whether a motion to remand is a dispositive motion).  Plaintiff argues if plaintiff is unable to file the documents under seal, because the terms of the settlement agreement are confidential, plaintiff will suffer undue prejudice as plaintiff will be denied the right to present highly relevant evidence in support of his motion to remand.  However, because defendants refer to the terms of the settlement agreement in their notice of removal and because plaintiff's counsel has received consent from Tompkins to disclose the contents of his settlement agreement, the court finds plaintiff will not suffer undue prejudice or harm.  Plaintiff's counsel admits it is only "in an abundance of caution [that] [p]laintiff seeks leave to file the requested documents under seal."  Because mere abundance of caution is not sufficient to overcome the presumption in favor of public access to court documents, plaintiff's request to seal is DENIED.

22  Because plaintiff filed redacted versions of the documents and then filed his request to seal a day later, plaintiff is directed to file unredacted versions within seven (7) days of this order.  *See* ECFs 6, 6-1.  Alternately, if plaintiff wishes to withdraw his reliance on the redacted portions of those filings, he may file new documents omitting those portions.

26  /////
27  /////
28  /////

4

    Plaintiff is cautioned that future failures to abide by the court's local rules governing redaction and sealing may result in the issuance of an order to show cause why sanctions should not be imposed. *See* Local Rules 140, 141.

    IT IS SO ORDERED.

Dated: October 31, 2013.

                  _____
                  UNITED STATES DISTRICT JUDGE